UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-1277-DMG (SPx)** | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Rachel M. Crook v. Shea Fiduciary Servs., et al.* | Page | 1 of 1 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS THIS ACTION FOR LACK OF JURISDICTION**

*Pro se* Plaintiff Rachel M. Crook filed this action on June 25, 2020. Compl. [Doc. # 1]. She appears to contend that the Court has both diversity and federal question jurisdiction over the matter. *See id.* To give rise to a court's diversity jurisdiction, a lawsuit must place over $75,000 in controversy and concern parties that have complete diversity of citizenship (i.e., are citizens of different states). 28 U.S.C. § 1332. Plaintiff alleges that every party in this case is a California citizen. Compl. at ¶¶ 2-4. Thus, there is no diversity of citizenship.

For a court to have federal question jurisdiction over an action, the plaintiff in the action must bring a claim that arises "out of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Crook claims that the Court has jurisdiction "under the Seventh Amendment and [Federal Rule of Civil Procedure 38]." Compl. at ¶ 8. Both the Seventh Amendment and Rule 38 preserve a litigant's right to a jury trial. U.S. Const. Amend. VII; Fed. R. Civ. P. 38. But Crook's Complaint makes no mention of being denied such right. Instead, her Complaint appears to assert a real-estate-related fraud claim against Defendants. *See* Compl. This case therefore does not allege any claim that arises under federal law.

Accordingly, since the parties in this action are non-diverse, and the sole claim arises under state law, Crook is hereby **ORDERED TO SHOW CAUSE** why the Court should not dismiss this action, without prejudice, for lack of subject matter jurisdiction. Crook shall respond, in writing not to exceed 10 pages, no later than **July 13, 2020**. Failure to timely file a satisfactory response shall result in the dismissal of this action.

**IT IS SO ORDERED.**